IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLY MCAULIFF ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| OFCR. BABUSCH, LT. HOWARD ) | |
| METRA POLICE, and UNKNOWN METRA ) | |
| POLICE OFFICERS, Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, KELLY MCAULIFF, by and through her attorney, John C. Greenlees, Ltd. and complaining against the Defendants, Ofcr. Babusch, The Metra Police Department, and Unknown Metra Police Officers, states as follows:

### INTRODUCTION

1. This action is brought seeking damages as redress for Defendants' violations of the Plaintiff's rights enumerated under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, which violations resulted from the Defendants' unlawful and unauthorized seizure and detention of the Plaintiff, and the unlawful use of excessive force against the Plaintiff, connected with an incident on Metra property in and around Oak Forest, IL on June 5, 2010, resulting in bodily and personal injury and restrictions of liberty, all of which have caused the Plaintiff significant and severe damages, including personal and pecuniary injuries.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec.1331 and Sec.1343(a)(3) as the Federal Claims are brought under 42 U.S.C. Sec.1983 and venue pursuant to 28 U.S.C. Sec.1391(b) as the majority of parties reside in this district and the events giving rise to the claims occurred in this district.

THE PARTIES

3.      On June 5, 2010 the Plaintiff, Kelly McAuliff, a citizen of this country, enjoyed all rights and entitlements enumerated in the Constitution of the United States of America and all Amendments thereto.

4.      On June 5, 2010 and at all relevant times herein, the Defendant, Ofcr. Babusch (Star 908) was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the Metra Police.   Defendant is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

5.      On June 5, 2010 and at all relevant times herein, the Defendant, Lt. Howard, (Star 312) was a duly sworn peace officer under the laws of the State of Illinois possessed of law enforcement authority under Illinois law, and at all relevant times set forth herein was acting under color of law and within the scope of his employment with the Metra Police.   Defendant is sued in his individual capacity. Upon information and belief, the Defendant resides in Cook County, Illinois.

6.      On June 5, 2010, and at all relevant times herein, there existed additional at-this-time Unknown and Unnamed male police officers, sworn personnel of the Metra Police Department who are sued in their individual capacity for actions they took by virtue of their authority as police officers of the Metra Police, acting within the scope of their employment and under color of State law.

7.      On June 5, 2010, and at all relevant times herein, the Defendant Metra (Metra Police Department) was a municipal corporation, duly organized and chartered under the laws of the State of Illinois pursuant to the "Regional Transportation Authority Act" (70 ILCS 3615/1.01 *et seq*.) with statutory authority to hire and employ sworn and certified police officers, obligated to

indemnify employees for judgments resulting from conduct occurring within the scope of employment, and was the public employer of Defendants Babusch and Howard and the unknown police officers or police personnel herein. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby.

## STATEMENT OF FACTS

8. On June 5, 2010 plaintiff Kelly McAuliff had walked from publicly adjacent Forest Preserve land and was sitting on an overpass when she was approached by several uniformed Metra Police Officers.

9. No signs or other notification was present warning plaintiff that the area was private property, the property of Metra, or that her presence was in any way illegal. Plaintiff was not violating any law nor acting in any way illegally, nor did the defendant officers observe her, or reasonably believe she was committing any violation of state or federal law, or municipal ordinance.

10. Defendant Babusch and other officers informed plaintiff she was trespassing and was not allowed to be on Metra Property.

11. Plaintiff protested that she had entered through unguarded and unfenced Forest Preserve land and that she did not believe she was trespassing, but willingly got up to leave the premises.

12. Before she could get to her feet, Defendant Babusch and other officers grabbed the defendant and threw her to the concrete area where she had been, causing her to strike her head on the ground and injure her head.

13. When plaintiff tried to brace herself and get up defendants accused her of resisting arrest and further grabbed and pushed her to the ground, kneeing her in the back and head, and thereafter

forcibly handcuffed her so tightly it caused bruising and injuries to her wrists.

14. After Plaintiff was handcuffed, she was dragged along the ground by Defendant Babusch and other officers, causing further injuries to her pelvic bone, arms, legs, and abdomen.

15. Plaintiff was dragged off of Metra property and while being mistreated became upset.

16. Lt. Howard and other Metra Officers present did nothing to intervene and stop the unnecessary and excessive use of force by Defendant Babusch and the other Metra officers.

17. Oak Forest Rescue was called to the scene and were instructed to take the upset and panicked plaintiff to South Suburban Hospital. The Metra defendants thereafter claimed that plaintiff was mentally unstable and directed that she be examined for psychiatric admission.

18. Plaintiff was not charged with any offense, and was released from the hospital after several hours of non-problematic psychiatric observation.

19. A medical examination on the day following the incident found plaintiff to have tenderness in the lumbar area, right posterior upper thorax greater than left posterior thorax pain, tenderness of the top of the head and left side of the head with swelling, tenderness of the left abdomen and right lower supra pubic and left pubic bone, with visible bruises on her left and right upper extremities along with bruises on the right side of her abdomen, waist, left upper chest, and both right and left knees.

COUNT I
FOURTH AMENDMENT VIOLATION
EXCESSIVE FORCE 42 U.S.C. Sec. 1983

20. Plaintiff incorporates herein paragraphs 1 – 19 above as though fully set forth herein.

21. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures and to be secure in her person, including freedom from the use of unreasonable and/or excessive force

against her.

22.     On June 5, 2010 Defendant Babusch and other unknown officers used unlawful and unreasonable force against the Plaintiff without lawful justification.

23.     Defendant Babusch and other unknown officers unlawfully physically assaulted and/or brutalized the Plaintiff in a manner that was unnecessary to restrain her, obtain her compliance, or accomplish a lawful purpose in that he grabbed and threw the plaintiff to the ground, kneed her in the head and back, placed handcuffs on her wrists more tightly than necessary, and dragged her across the ground and off of Metra property.

24.     As described above, the conduct of Defendant Babusch was intentionally carried out, under color of law and within the scope of his employment, with willful, wanton, reckless disregard, and/or deliberate indifference to the health and welfare, and rights, of the Plaintiff, and constituted the excessive use of force in violation of the Fourth Amendment to the Constitution of the United States.

25.     As the proximate result of the unlawful and excessive use of force by Defendant Babusch, which violated the rights of the Plaintiff, Kelly McAuliff, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, including loss of reputation, mental anguish, emotional distress.

        WHEREFORE the Plaintiff demands judgment against Defendant Babusch and the other unknown and unnamed officers for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $100,000.00.

COUNT II
FOURTH AMENDMENT VIOLATION
UNLAWFUL SEIZURE AND RESTRAINT
42 U.S.C. Sec. 1983

26.     Plaintiff incorporates herein paragraphs 1 – 19 above as though fully set forth herein.

27. At all relevant times herein, the Plaintiff, Kelly McAuliff, enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures and to be secure in her person from having her liberty unlawfully restrained.

28. On or about June 5, 2010 Defendants Babusch and the other unknown officers effected the unlawful seizure, detention, and restraint of the Plaintiff, without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other factual or legal justification.

29. At all times relevant herein, Defendants Babusch and the unknown officers were acting under color of law and their individual conduct as described hereinabove was done with willful, wanton, reckless disregard, and/or deliberate indifference to the rights of the Plaintiff.

30. Defendants' individual acts violated Plaintiff's right to be free from unreasonable searches and seizures, and unlawful detention, as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress and legal expenses as alleged herein.

WHEREFORE the Plaintiff demands judgment against Defendants Babusch and the other unnamed officers, jointly and severally, for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $100,000.00.

COUNT III
FOURTH AND FOURTEENTH AMENDMENT VIOLATION
EXCESSIVE FORCE AND UNLAWFUL DEPRIVATION OF LIBERTY
(FAILURE TO INTERVENE)
42 U.S.C. Sec. 1983

31. Plaintiff incorporates herein paragraphs 1 – 19 above as though fully set forth herein.

32. At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth

Amendment to the Constitution of the United States to be free from unreasonable seizures and deprivations of her liberty, along with freedom from the use of excessive force, and to be secure in her person.

33.     On or about June 5, 2010 Lt. Howard and other unknown sworn officers stood by and failed to intervene to prevent the unconstitutional and unreasonable seizure and detention, and prevent physical violence and the use of excessive force to which Plaintiff was being subjected to at the hands of Defendant Babusch and other Metra Officers. At all relevant times herein, Defendant Howard and the other officers were acting under color of law and within the scope of his employment.

34.     As the proximate result of the failure of Defendants to intervene on behalf of the Plaintiff to prevent the use of excessive force, or the unreasonable seizure and detention of plaintiff's person, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature, loss of property, loss of reputation, humiliation, mental anguish, and emotional distress, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant Howard and the Unknown Officers for compensatory and punitive damages, costs incurred herein and attorney fees, in a sum in excess of $100, 000.00.

COUNT IV
42 U.S.C. Sec. 1983 VIOLATION
METRA POLICE
(MONELL LIABILITY)

35.     Plaintiff incorporates herein paragraphs 1 – 34 above as though fully set forth herein.

36.     At all relevant times herein, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures and unlawful detention, along with freedom from the use of excessive force, and to be secure in his

person.

37. During the events described herein, certain Supervisory Personnel, agents or employees of the Metra Police with policy-making authority, whose names and titles are presently unknown to plaintiff, had a duty to supervise and set policy and standards for the use of force, and procedures and standards concerning arrests, as well as to hire, discipline, and fire Phoenix Police Officers.

38. This individual or these individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights. These individuals encouraged the violation of plaintiff's rights in that they failed to insure that officers did not convey false information, that standards were followed with respect to seizures, that standards were set or followed with regard to the use of force, and that seizures were not made without probable cause or the appropriate legal standard.

39. These individuals failed to adequately supervise, train, or set policy to prevent violations of the plaintiffs' constitutional rights in that these individuals tolerated repeated violations of the civil rights of defendants at the hands of Officer Babusch and did nothing to correct, train, discipline, or otherwise relieve Defendant Babusch of authority or duties involving the use of force or the decision to arrest until plaintiff had been injured thereby.

40. These individuals failed to adequately or properly respond to the complaints of the plaintiff regarding the conduct of Officer Babusch.

41. As a result of the individual or individuals failure to properly discipline or investigate officers, including specifically Officer Babusch, Metra police officers, including specifically defendant Babusch, were encouraged and led to believe that their improper and unconstitutional conduct would not be scrutinized or punished. These failures created an informal policy or custom which resulted in the violations of the plaintiffs rights alleged herein.

42. The supervisory failures of these individuals and unknown supervisory officers were the direct and proximate cause of the constitutional violations visited on the plaintiffs.

43. As the proximate result of these individuals failure to supervise or otherwise set or enforce policy and procedures, defendant Metra (Metra Police) failed to prevent and in fact encouraged and caused the use of excessive force and the unlawful detention and seizure of plaintiff.

44. Prior to June 5, 2010 through the actions and inactions of its policy-making personnel, the Metra Police developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons on Metra property, which proximately caused the violation of Plaintiff's rights.

45. It was the policy and/or custom of the Metra Police and its officers to inadequately and improperly investigate or resolve complaints of police misconduct relating to arrests, seizures, and the use of excessive force, and such acts of misconduct were instead tolerated by the Metra Police.

46. It was the policy and/or custom of the Metra Police to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Metra did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct or improper investigation. Metra did not require or demand any in-service or re-training of defendant Babusch despite complaints from citizens, including the plaintiff.

47. As a result of the above described policies and customs, police officers of the Metra Police, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

48. The Metra Police failed to train and supervise its officers, and failed to implement policies,

to prevent constitutional violations relating to the use of excessive force on subject citizens and the arrests, seizures, searches, and detentions of citizens without probable cause.

49. The Metra Police failed to monitor and supervise its officers regarding the use of force, failed to make reasonable regular inquiries into, or otherwise determine the level of force being utilized by officers during encounters with citizens including arrests, and failed to take reasonable steps to prevent its officers from using excessive force.

50. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Metra Police to the constitutional rights of persons within the Village, and were the proximate cause of the violations of Plaintiff's rights alleged herein. As a direct and proximate result of the municipality's failures and actions, plaintiff suffered physical injury, loss of reputation, humiliation, mental anguish, and emotional distress, as alleged herein.

WHEREFORE the Plaintiff demands judgment against the Defendant, Metra Police, for compensatory damages, costs incurred herein and attorney fees in a sum in excess of $100,000.00.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Respectfully submitted by:
By: /s/ John C. Greenlees
ARDC No. 6196135
600 Holiday Plaza Drive, Suite 500
Matteson, IL 60443
708 747 9440    708 747 9445 facsimile